**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-05-877-PHX-DGC |
| Plaintiff/Counterdefendant, | **ORDER** |
| vs. | |
| Beverly J. Hill and Darrell J. Hill, individually and doing business as Superior Claims Management, | |
| Defendants/Counterclaimants. | |
| Beverly J. Hill and Darrell J. Hill, individually and doing business as Superior Claims Management, | |
| Third Party Plaintiffs, | |
| vs. | |
| Patricia Blancarte, et al., | |
| Third Party Defendants. | |

Pending before the Court are the United States' motion for summary judgment and motion to dismiss counterclaims and Third Party Defendants' motion to dismiss third party complaint. Also pending are motions for preliminary injunction and to strike jury demand filed by the United States and numerous motions filed by pro se litigants Beverly and Darrell Hill. For the reasons set forth below, the Court will grant the dispositive motions in favor of the United States and Third Party Defendants and deny the other motions

as moot.

## Background

Plaintiff United States commenced this action on March 23, 2005 by filing a complaint against Defendants Beverly and Darrell Hill. Doc. #1. Plaintiff alleges that Defendants, operating under the business name Superior Claims Management, prepare and file frivolous federal income tax returns or claims for refund for other individuals. Doc. #1 ¶ 6. In Counts I, II, and III of the complaint, Plaintiff seeks an injunction permanently enjoining Defendants from acting as federal income tax return preparers under Internal Revenue Code ("IRC") §§ 7407, 7408, and 7402(a), respectively. *Id.* ¶¶ 19-38. Plaintiff also seeks an order requiring Defendants to (1) remove advertising for fraudulent tax services from their internet website, (2) post a copy of the requested permanent injunction on their website, and (3) provide Plaintiff with the identities of the individuals for whom Defendants have filed tax returns or claims for refund and notify these individuals of the Court's ruling in this matter. *Id.* at 8-10.

Defendants answered the complaint and filed a counterclaim against Plaintiff and a third party complaint against numerous Internal Revenue Service ("IRS") employees. Docs. ##14, 18-19. Defendants seek damages for alleged violations of IRC §§ 7433 and 7214. *Id.* ¶¶ 57-62.

## Discussion

**I.  Plaintiff's Motion for Summary Judgment.**

 **A.  Summary Judgment Standard.**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law determines which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Similarly, to preclude summary judgment the dispute must be genuine, that is, the evidence must be "such that

- 2 -

a reasonable jury could return a verdict for the nonmoving party." *Id.*, 477 U.S. at 248. A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

**B.     Analysis.**

**1.     Count I: Injunction Under IRC § 7407.**

In Count I of the complaint, Plaintiff seeks an injunction under IRC § 7407 permanently enjoining Defendants from acting as federal income tax return preparers. Doc. #1 ¶¶ 19-24. Section 7407 authorizes the Court to issue injunctive relief if it makes certain findings. IRC § 7407(b); *see United States v. Estate Pres. Servs.*, 202 F.3d 1093, 1098 (9th Cir. 2000) (stating that the traditional requirements for equitable relief need not be satisfied where the IRC expressly authorizes the issuance of an injunction). If the Court finds that Defendants have acted as income tax return preparers and have violated either IRC § 6694, which prohibits preparers from understating a taxpayer's liability due to an unrealistic position, or IRC § 6695, which requires preparers to sign returns and furnish identifying numbers, the Court may enjoin Defendants from engaging in such conduct. IRC §§ 7407(b). If the Court further finds that Defendants have continually or repeatedly engaged in such conduct and that an injunction prohibiting such conduct would not be sufficient to prevent Defendants' interference with the proper administration of the IRC, the Court may enjoin Defendants from acting as income tax return preparers. *Id.*

**a.     Have Defendants Acted as Income Tax Return Preparers?**

The IRC defines "income tax return preparer" as "any person who prepares for compensation . . . any return of tax imposed by subtitle A or any claim for refund of tax imposed by subtitle A." IRC § 7701(a)(36)(A); *see* Treas. Reg. § 301.7701-15(a) (same).[1] An exception to this definition provides that "[a] person shall not be an 'income tax return preparer' merely because such person . . . prepares as a fiduciary a return or claim for

---

[1] Subtitle A of the IRC is entitled "Income Taxes" and encompasses IRC § 1, the section that imposes a tax on individuals based on their taxable income. IRC Subt. A, Part I, § 1.

- 3 -

refund for any person." IRC § 7701(a)(36)(B)(iii); *see* Treas. Reg. § 301.7701-15(d)(3).

Defendants do not dispute that they have sought income tax refunds for other individuals in numerous filings with the IRS. Docs ##18-19 ¶¶ 6-8, 40-41 ¶¶ 14(a)-(d), 16. Nor do Defendants dispute that they charged these individuals 25% of any refunds received. Docs. ##4 ¶ 14, 14 Ex. K1. Defendants nonetheless contend that they are not income tax return preparers because they were acting as "fiduciaries" when they submitted the filings to the IRS. Doc. #151 ¶ 5.

"A fiduciary is a person who holds something in trust for another." *Ip v. United States*, 205 F.3d 1168, 1176 (9th Cir. 2000). The IRC provides the following examples of a fiduciary: "guardian, trustee, executor, administrator, receiver, [or] conservator." *Id.* at 1173 (quoting IRC § 7701(a)(6)). The treasury regulations provide this definition:

> Fiduciary is a term that applies to persons who occupy positions of peculiar confidence toward others, such as trustees, executors, and administrators. A fiduciary is a person who holds in trust an estate to which another has a beneficial interest, or receives and controls income of another, as in the case of receivers. A committee or guardian of the property of an incompetent person is a fiduciary.

*Id.* (quoting Treas. Reg. § 301.7701-6(b)(1) (1996)).

Defendants do not contend that they are trustees, executors, or administrators with respect to the individuals for whom they have provided tax services. Rather, Defendants contend that they are fiduciaries because their filings with the IRS included IRS Form 56, titled "Notice Concerning Fiduciary Relationship." Doc. #151 ¶ 5. As the Court has previously held, however, Form 56 merely gives notice of a pre-existing fiduciary relationship and cannot, by itself, create the relationship. *See United States v. Volling*, No. MC-04-94-PHX-DGC (Dec. 8, 2004 Order) (granting the United States' motion to enforce IRS summons against respondent Roxann Volling and precluding Darrell Hill from appearing before the IRS on respondent's behalf because there was no evidence of a fiduciary relationship between them) (citing *Gouveia v. Comm'r*, T.C. Memo 2004-256 (2004)). Defendants have presented no evidence of any fiduciary relationship between them and the individuals for whom they have provided tax services. The Court thus

1  concludes that Defendants have acted as income tax return preparers within the meaning
2  of the IRC. *See* IRC § 7701(a)(36)(A); *Ip*, 205 F.3d at 1176-77 (finding no fiduciary
3  relationship where the petitioner acted merely as a "liaison" or "communicator"); *see also*
4  *United States v. Savoie*, 594 F. Supp. 678, 684 (W.D. La. 1984) (holding that the defendant
5  was a paid preparer within the meaning of IRC based on uncontroverted evidence that he
6  prepared three returns for a client for a twenty-five or thirty dollar fee).

### b. Have Defendants Violated IRC § 6694 or § 6695?

An income tax return preparer violates IRC § 6694 if (1) the preparer files a return or claim for refund that contains an understatement of liability due to a position for which there was not a realistic possibility of being sustained on the merits, (2) the preparer knew or should have known of such position, and (3) the position was frivolous. IRC § 6694(a)(1)-(3). An income tax return preparer violates IRC § 6695 if the preparer fails to sign a return or furnish an identifying number as required by federal regulations. IRC § 6695(b)-(c); *see* Treas. Reg. § 1.6695-1(b).

Plaintiff argues that the undisputed evidence shows that Defendants have continually and repeatedly engaged in conduct that violates both § 6694 and § 6695. Doc. #128 at 6-8. In support of its argument, Plaintiff has presented evidence of the following:

Defendants have registered "Superior Claims Management" as a trade name with the Arizona Secretary of State. Doc. #4 ¶ 4. Defendants also have registered the related website, "www.getmytaxesback.com," with a registrar of internet domain names. *Id.* ¶ 5. Defendants offer on this website to recover previously paid taxes for other individuals, stating "We put Your Past Taxes in Your Bank!!!" *Id.* ¶ 8. Defendants further state that "[w]age earnings are not 'taxable profit'" and that most people have erroneously been overpaying taxes their entire lives. *Id.* ¶ 11.

Between April 2003 and November 2004, Defendants filed with the IRS at least 252 income tax returns or claims that seek refunds due to the position that the taxpayers' wages are not taxable income under the IRC. Docs. ##6 ¶¶ 5-7 & Exs. A-D, 121 ¶ 6, 127 ¶¶ 26-73. Defendants neither identified themselves as tax return preparers nor listed identifying

1 numbers on the filings. Doc. #6 ¶ 8. Defendants attached to each filing a five-page
2 supplement that cites various court cases and provides: "The Supreme Court of the United
3 States had already established that my labor for my wages was/ and is not taxable income.
4 Please reimburse my money without delay!" Doc. #6 ¶ 7, Exs. A-D.

5 The IRS devoted approximately four hours of employee time to the review of each
6 filing. Doc. #121 ¶¶ 15-16. The IRS ultimately rejected the filings and responded to most
7 of them by notifying the taxpayers that the position taken was frivolous and could result
8 in the imposition of frivolous return penalties. Docs. ##6 ¶ 9, 121 ¶ 9. Many of these
9 notices resulted in further filings and correspondence from Defendants. Doc. #121 ¶ 9.

10 In early 2004, the IRS issued Revenue Ruling 2004-29, which addresses the type of
11 filings submitted by Defendants. Docs. ##5 121 ¶ 11. The ruling states in part:

12 This revenue ruling emphasizes to taxpayers, and to promoters and return
preparers who assist taxpayers with this scheme, that there is no "claim of
13 right" doctrine that permits an individual to take the position that either the
individual or the individual's income is not subject to federal income tax.
14 This argument has no merit and is frivolous.

15 *Id.* On February 11, 2004, the IRS sent each Defendant a letter notifying them that the IRS
16 had begun an investigation to determine whether they should be enjoined and/or penalized
17 for their return preparation activities. Docs. ##6 ¶ 10, 127 ¶ 77. Despite this notification,
18 Defendants continued to file returns or claims for refund through November 2004. Doc.
19 #121 ¶ 6.

20 Defendants assert in their three-page response that Plaintiff's "allegations are
21 substantially unjustified." Doc. #151 ¶ 1. As Plaintiff points out in its reply, however,
22 Defendants present no evidence showing that there is a genuine issue for trial. Doc. #155
23 at 1. Defendants merely state that the Court should deny Plaintiff's motion because it
24 "perpetrates the denial of the Constitutional Rights, Guarantees and Protections of the
25 Constitution of the State of Arizona and the Constitution of the United States." Doc. #151
26 at 3. Such conclusory statements are insufficient to survive summary judgment. *See* Fed.
27 R. Civ. P. 56(e); LRCiv 56.1(a); *Celotex*, 477 U.S. at 323-24.

28 The Court concludes that there is no genuine issue as to whether Defendants have

1 repeatedly violated IRC §§ 6694 and 6695. Defendants have submitted numerous filings
2 with the IRS seeking the return of taxes based on the frivolous position that wages are not
3 taxable income under the IRC. Docs. ##6 ¶¶ 5-7 & Exs. A-D, 121 ¶ 6, 127 ¶¶ 26-73; *see* IRC
4 § 61 (stating that "gross income means all income from whatever source derived, including
5 . . . [c]ompensation for services"); *United States v. Buras*, 633 F.2d 1356, 1361 (9th Cir.
6 1980) ("Treas. Reg. § 1.61-2(a)(1) clearly includes wages within the definition of income.");
7 *United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir. 1981) ("Romero's proclaimed belief
8 . . . that the wages he earned as a carpenter were not "income" is fatuous as well as
9 obviously incorrect. . . . Compensation for labor or services, paid in the form of wages or
10 salary, has been universally held by the courts of this republic to be income, subject to
11 income tax laws currently applicable."); *Gattuso v. Pecorella*, 733 F.2d 709, 710 (9th Cir.
12 1984) ("Taxpayers' claim that their wages are not income is frivolous.") (citing *Buras* and
13 *Romero*). Defendants knew that the IRS considered their position frivolous and that there
14 was no realistic possibility that it would be sustained. Doc. #13 ¶¶ 3, 6, 10. Defendants
15 nonetheless continued to submit frivolous filings to the IRS. Doc. #121 ¶ 6. The filings did
16 not include tax-preparer identification numbers as required by the regulations, and
17 Defendants have presented no evidence that their failure to provide identification numbers
18 was due to reasonable cause and not due to willful neglect. Doc. #6 ¶ 8; *see* IRC § 6695(c);
19 *Savoie*, 594 F. Supp. at 684 ("Savoie violated both sections 6694 and 6695. Savoie followed
20 his 'Wages Not Income' plan in each of the returns and amended returns that we have
21 uncontroverted evidence he prepared. . . . He affixed neither his signature nor a tax-
22 preparer identification number to any of the returns[.]").

23 The Court further concludes that an injunction prohibiting only violations of IRC
24 §§ 6694 and 6695 would not be sufficient to prevent Defendants' interference with the
25 proper administration of the IRC. Defendants continue to hold the erroneous belief that
26 wages are not taxable income under the IRC and that Plaintiff is thus "imposing against
27 them unconstitutional taxation[.]" Doc #151 ¶ 1; *see* Docs. ##112 at 2, 152-53 (Defs.'
28 Affs.). In fact, in April 2005 – after Plaintiff filed this lawsuit – Defendant Darrell Hill filed

forms with the IRS in an attempt to reduce to zero dollars the amount of wages previously reported to the IRS by five of his former employers. Doc. #18 Ex. I (IRS Form 4852, Substitute for W-2, Wage and Tax Statement).[2] Such frivolous filings have impeded the ability of the IRS to administer tax laws and has placed significant administrative and financial burdens on the IRS. Doc. #121 ¶¶ 15-16.

The Court will grant Plaintiff's motion for summary judgment with respect to Count I and permanently enjoin Defendants from acting as federal income tax return preparers. *See* IRC § 7407(b)(2); *Savoie*, 594 F. Supp. at 685 ("[I]n light of Savoie's unyielding opposition to the current tax structure, we hardly need to explain that an injunction against conduct listed in subsection (b)(1) would be insufficient to safeguard tax administration from Savoie's interference.").

### 2.     Count II: Injunction Under IRC § 7408.

In Count II, Plaintiff seeks an injunction under IRC § 7408 permanently enjoining Defendants from violating IRC § 6701, which imposes a penalty on any person who assists in the preparation of a document that the person knows or has reason to believe will be used in connection with any material matter arising under the IRC, and that the person knows would result in the understatement of the tax liability of another person. IRC § 6701(a). Section 7408 authorizes the Court to issue an injunction if it finds that Defendants have engaged in conduct subject to penalty under § 6701 and that "injunctive relief is appropriate to prevent recurrence of such conduct[.]" IRC § 7408(b)-(c). Based on the unrebutted evidence discussed above, the Court finds that Defendants have knowingly and repeatedly violated § 6701 and that an injunction is necessary to prevent further violations. *See id.*; *United States v. Schiff*, 379 F.3d 621, 625-26 (9th Cir. 2004) (affirming the grant of injunctive relief under § 7408 because "[g]iven Schiff's extensive history of tax

---

[2]It appears that Defendant discovered this new practice from the book by Peter Hendrickson, "Cracking the Code: The Fascinating Truth About Taxation in America." Docs. ##18-19 Exs. F. Defendants included the book with their answers and have avowed their belief in the book's interpretation of the IRC. Docs. ##12 ¶ 4, 13 ¶ 4, 18-19 Exs. E.

- 8 -

1  avoidance and the fact that the defendants operate[d] a book store devoted to introducing
2  others to his tax avoidance schemes, there [was] a strong likelihood that the defendants
3  would violate § 6700 in the future."). The Court will grant Plaintiff's motion for summary
4  judgment with respect to Count II and permanently enjoin Defendants from engaging in
5  conduct that violates IRC § 6701. *See id.*; *Estate Pres. Servs.*, 202 F.3d at 1098 (affirming
6  the grant of injunctive relief under § 7408); *Savoie*, 594 F. Supp. at 681-83 (granting
7  injunctive relief under § 7408).

### 3. Count III: Injunction Under IRC § 7402(a).

In Count III, Plaintiff seeks an injunction under IRC § 7402(a), which authorizes the Court to issue "orders of injunction . . . and such other orders . . . as may be necessary or appropriate for the enforcement of the internal revenue laws." Plaintiff argues that Defendants' scheme of preparing and filing with the IRS "zero-income" tax documents significantly interferes with the enforcement of the internal revenue laws. Doc. #128 at 15. Plaintiff further argues that Defendants' fraudulent activities irreparably harm the federal government by undermining public confidence in the fairness of the federal tax system and inciting violations of the internal revenue laws. *Id.* Plaintiff seeks an injunction requiring Defendants to (1) remove advertising for fraudulent tax services from their website, (2) post a copy of the Court's order and permanent injunction on their website, and (3) provide Plaintiff with the identities of the individuals for whom Defendants have filed tax documents with the IRS since January 1, 2002, and notify these individuals of the Court's ruling in this matter. *Id.* at 15-16.

#### a. Removing False Advertising from the Website.

It is well settled that fraudulent commercial speech may be enjoined without infringing the First Amendment right to free speech. *See Schiff*, 379 F.3d at 630; *Estate Pres. Servs.*, 202 F.3d at 1105; *Savoie*, 594 F. Supp. at 683 (stating that "commercial speech that is misleading and concerns unlawful activity . . . has never been shielded by the First Amendment"); *see also Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 496 (1982) (holding that the government may ban entirely any speech proposing

1  an illegal transaction). An advertisement is fraudulent when it misleads customers about
2  the benefit of the offered product or service. *See Schiff*, 379 F.3d at 630.

3  In this case, Defendants claim on their website to be able to "get your back taxes
4  reimbursed to you" based on the debunked theory that "[w]age earnings are not 'taxable
5  profit.'" Doc. #4 Ex. A. Defendants mislead potential customers by stating that their
6  "procedures are legitimately filed with the taxing entities" and that they "engage the
7  agencies forthrightly." *Id.* Defendants falsely promise that "at worst, all [the taxing
8  entities] can say is 'no'" and that such a response will cost the customer "nothing." *Id.*

9  "Although these claims are far-fetched, they . . . mislead a customer into believing
10 that he or she could use [Defendants' services] to legally stop paying income taxes."
11 *Schiff*, 379 F.3d at 630. The Court accordingly will order Defendants to remove from their
12 website all advertising for their fraudulent tax services. *See id.* (affirming an injunction that
13 prohibited the defendants from promoting or marketing the use of "zero income" tax returns
14 and false withholding forms); *Savoie*, 594 F. Supp. at 683 (enjoining the defendant from
15 promoting fraudulent tax-avoidance schemes or advertising material to be used by
16 taxpayers to avoid the payment of tax); *United States v. Kaun*, 633 F. Supp. 406, 409 (E.D.
17 Wis. 1986) ("Consistent with [the] broad, remedial purpose of § 7402(a), the federal courts
18 have routinely relied on its grant of injunctive authority to preclude individuals . . . from
19 disseminating their rather perverse notions about compliance with the Internal Revenue
20 laws or from promoting certain tax avoidance schemes.") (citations omitted).

21 **b.     Postings on the Website.**

22 The Ninth Circuit "has held that mandated disclosure of factual, commercial
23 information does not offend the First Amendment." *Schiff*, 379 F.3d at 631 (citing *Envtl.*
24 *Def. Ctr., Inc. v. United States EPA*, 344 F.3d 832, 849-51 (9th Cir. 2003)). Because
25 Defendants have been offering fraudulent tax services on their website that could expose
26 their customers to penalties under the IRC, the Court will order Defendants to post a copy
27 of this Order and the Court's Permanent Injunction (which the Court will issue separately
28 from this Order) on their website, www.getmytaxesback.com. *See id.* (affirming order

requiring posting of injunction on websites where tax evasion products were sold).

### c. Customer Disclosure and Notification.

Plaintiff has presented unrebutted evidence that the IRS has been forced to devote significant resources to identifying and preventing lost revenue as a result of Defendants' activities. Doc. #121 ¶¶ 6-16. Although the IRS attempts to identify all frivolous returns, it has failed to identify many such returns before issuing refunds. *Id.* ¶ 14. In the 2003 processing year alone, the IRS refunded approximately $200,000 based on returns that assert theories similar to those propounded by Defendants. *Id.* The IRS states that this is a conservative total because it is still investigating whether other erroneous refunds have been issued. *Id.*

The Court concludes that knowing the identities of Defendants' customers will assist the IRS in identifying frivolous returns and determining whether any erroneous refunds have been issued. The Court will order Defendants to disclose to Plaintiff the identities of any individuals for whom Defendants have filed tax documents with the IRS since January 1, 2002, and notify such individuals of the disclosure.

## II. Plaintiff's and Third Party Defendants' Motions to Dismiss.

In Counts I and II of their counterclaim/third party complaint, Defendants seek damages for alleged violations of IRC §§ 7433 and 7214. Docs. ##18-19 ¶¶ 57-62. Defendants allege that Plaintiff "has recklessly, intentionally and negligently . . . disregarded provisions of Title 26 U.S.C., and regulations promulgated under the Title to falsely accuse and prosecute [Defendants] as 'federal tax return preparers[.']" *Id.* ¶ 40. Defendants allege that Third Party Defendants have violated their oaths of office, disregarded provisions of the IRC, and threatened and implemented collection actions without due process. *Id.* ¶¶ 44-51.

Plaintiff and Third Party Defendants move to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Docs. ##24, 104. They argue that jurisdiction is lacking because Defendants have failed to show a waiver of sovereign immunity. *Id.*

A.   **Rule 12(b)(1) Motion to Dismiss Standard.**

In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court is not limited to the allegations in the pleadings. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). The Court is free to consider "evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). The Court may review evidence and resolve factual disputes "without converting the motion to dismiss to a motion for summary judgment." *Id.*

B.   **IRC § 7433.**

Section 7433 permits a taxpayer to bring in federal district court a civil suit for damages against the United States if, in connection with any collection of a federal tax, an IRS officer or employee disregards a provision of the IRC. IRC § 7433(a). Before bringing suit, however, the taxpayer must exhaust the administrative remedies available to the taxpayer within the IRS. IRC § 7433(d)(1); *see* Treas. Reg. § 301.7433-1(a)(2) ("An action for damages filed in federal district court may not be maintained unless the taxpayer has filed an administrative claim pursuant to paragraph (e) of this section[.]").

Plaintiff argues that it has not waived sovereign immunity with respect to Defendants' § 7433 claim because Defendants have not exhausted the administrative remedies available to them under Treasury Regulation § 301.7433-1(e). Doc. #25 at 4-5. Defendants do not dispute that they have failed to exhaust administrative remedies. Rather, they allege that no administrative remedies are available to them due to Plaintiff's "systemic disregard" for the IRC and the regulations promulgated thereunder. Docs. ##18-19 ¶ 52.

Plaintiff's alleged disregard for the IRC does not excuse Defendants' failure to exhaust administrative remedies. *See* IRC § 7433(d)(1) (permitting a taxpayer to sue the United States for disregarding the IRC only *after* the taxpayer has exhausted administrative remedies); Treas. Reg. § 301.7433-1(a)(2) (same). Defendants have thus failed to show that Plaintiff has waived its sovereign immunity with respect to Defendants' § 7433 claim. *See*

*Holloman v. Watt*, 708 F.2d 1399, 1402 (9th Cir. 1983) (reversing the award damages against federal officials based on sovereign immunity and stating: "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed. The party who sues the United States bears the burden of pointing to such an unequivocal waiver of immunity.") (citations and alterations omitted). The Court will dismiss Defendants' § 7433 claim against Plaintiff for lack of subject matter jurisdiction. *See Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1993) ("Conforte may not bring this action against the United States under . . . § 7433 without exhausting her administrative remedies. She has not done so. The court lacked jurisdiction to hear her.") (citations omitted).

Defendants' claim against Third Party Defendants must be dismissed because § 7433 permits suits against only the United States, not IRS employees. IRC § 7433(a) ("[A] taxpayer may bring a civil action for damages *against the United States*[.]") (emphasis added); *see* Treas. Reg. § 301.7433-1(a) (same); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("[A] suit against IRS employees in their official capacity is essentially a suit against the United States. As such, absent express statutory consent to sue, dismissal is required.") (citations omitted).[3]

**C.    IRC § 7214.**

Section 7214 makes criminal certain acts by IRS employees and authorizes a court to render judgment against a convicted "employee for the amount of damages sustained in favor of the party injured[.]" IRC § 7214(a). Section 7214, however, provides no private cause of action to parties in a civil case. *See United States v. Little*, 753 F.2d 1420, 1437 (9th Cir. 1985) (holding that IRS agents did not violate § 7214 and stating that even if they had, "the remedy lies not in freeing appellants, but in *prosecuting the agents*") (emphasis

---

[3]To the extent Third Party Defendants have been sued in their individual capacities, an action for damages is still barred. *See Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990) (holding that the remedies provided by Congress, particularly the right to sue the United States for a refund of taxes improperly collected, foreclose a damages action against IRS employees under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)).

1  added). Moreover, Defendants have presented no evidence that any Third Party
2  Defendant has been convicted under § 7214. The Court accordingly will dismiss
3  Defendants' § 7214 claim for lack of subject matter jurisdiction.

4  **IT IS ORDERED:**

5  1. Plaintiff's motion to dismiss counterclaims (Doc. #24) is **granted**.

6  2. Third Party Defendants' motion to dismiss third party complaint (Doc. #104)
7  is **granted**.

8  3. Plaintiff's motion for summary judgment (Doc. #126) is **granted**.

9  4. Defendants Beverly and Darrell Hill, individually and doing business as
10 Superior Claims Management or as any other entity, are permanently enjoined from directly
11 or indirectly:

12        a. Acting as federal tax return preparers or assisting in or directing the
13 preparation and/or filing of any federal tax return or claim for refund for any person or
14 entity other than themselves;

15        b. Appearing as representatives for any person or entity whose tax
16 liabilities are under examination or investigation by the IRS;

17        c. Preparing or assisting in the preparation of a document related to a
18 matter material to the internal revenue laws that includes a position that they know would
19 result in the understatement of tax liability; and

20        d. Engaging in other conduct that they know will interfere with the
21 administration and/or enforcement of the internal revenue laws.

22 5. Defendants shall, within 15 days from the date of this Order, remove from
23 their website, www.getmytaxesback.com, all information advertising their services as
24 federal income tax preparers, consultants, fiduciaries, or personal representatives and all
25 false or fraudulent statements regarding the meaning and application of the internal
26 revenue laws, including, but not limited to, any statements that wages or earnings are not
27 taxable income.

28 6. Defendants shall, within 15 days from the date of this Order, post a

1 2 complete copy of this Order and the Court's separate Permanent Injunction on their website, www.getmytaxesback.com.

3 4 5 6     7.    Defendants shall, within 30 days from the date of this Order, disclose to Plaintiff's counsel a list that identifies by name, social security number, mailing address, e-mail address, telephone number, and tax periods all persons for whom Defendants have prepared federal income tax returns or claims for refund since January 1, 2002.

7 8 9 10     8.    Defendants shall, within 30 days from the date of this Order, notify in writing and, if an e-mail address is known, by e-mail all persons described in paragraph 7 above with respect to whom the Court has ordered Defendants to disclose identifying information to Plaintiff's counsel.

11 12 13     9.    Defendants shall, within 30 days from the date of this Order, file with the Court a notice certifying that they have complied fully with the requirements set forth in paragraphs 5 through 8 above.

14     10.    All other pending motions are **denied as moot**.

15     11.    The Clerk shall **terminate** this action.

16 DATED this 22nd day of December, 2005.

*David G. Campbell*
David G. Campbell
United States District Judge