**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CV-05-877-PHX-DGC |
| Plaintiff/Counterdefendant, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Beverly J. Hill and Darrell J. Hill, ) individually and doing business as ) Superior Claims Management, ) | |
| ) | |
| Defendants/Counterclaimants. ) | |
| _____ ) | |
| Beverly J. Hill and Darrell J. Hill, ) individually and doing business as ) Superior Claims Management, ) | |
| Third Party Plaintiffs, ) | |
| vs. ) | |
| Patricia Blancarte, et al., ) | |
| Third Party Defendants. ) | |
| _____ ) | |

The Hills have filed a motion to amend judgment and stay the enforcement of judgment. Doc. #193. Plaintiff and Third Party Defendants have filed a response. Doc. #194. For the reasons set forth below, the Court will deny the motion.

On December 23, 2005, the Court granted Third Party Defendants' motion to dismiss and Plaintiff's motion for summary judgment and request for a permanent injunction. Docs. ##190, 192. The Court concluded that Defendants, doing business as Superior

Claims Management, had acted as income tax preparers under the Internal Revenue Code ("IRC") and were not the fiduciaries of the taxpayers they purported to represent. Doc. #190 at 3-5. The Court further concluded that Defendants should be enjoined permanently from acting as tax return preparers under the IRC because their position that wages are not taxable income was frivolous and interfered with the proper administration of the IRC. *Id.* at 3-8. The Clerk entered judgment accordingly. Doc. #191.

Defendants seek an amended judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure. Doc. #193. A judgment may not properly be reopened under Rule 59 "'absent highly unusual circumstances[.]'" *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (citation omitted). The Court may do so only if (1) it is presented with newly discovered evidence, (2) it committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). "This requirement is a high hurdle for [Defendants] to meet." *Weeks*, 246 F.3d at 1236.

Defendants' motion sets forth the same arguments the Court has already rejected. Defendants contend that they are fiduciaries, that wages are not taxable income under the IRC, and that the IRC as currently enacted and enforced is unconstitutional. *See* Doc. #193. The Court will deny the motion because Defendants have not met the standard for amending judgments under Rule 59. *See Zimmerman*, 255 F.3d at 740-41 (holding that the district court did not abuse its discretion in denying a Rule 59 motion because the motion simply "repeated legal arguments made earlier and sought to introduce facts that were available earlier in the proceedings"); *Weeks*, 246 F.3d at 1236-37 (holding that the district court did not err in denying the plaintiff's motion to reopen case under Rule 59 because the plaintiff "offered no new evidence, nor did he claim any intervening change in law"). The Court also will deny Defendants' request to stay the enforcement of judgment pending a ruling on the motion to amend judgment. *See* Fed. R. Civ. P. 62(b).

**IT IS ORDERED** that the motion to amend judgment and stay the enforcement of judgment filed by Beverly and Darrell Hill (Doc. #193) is **denied**.

DATED this 12th day of January, 2006.

David G. Campbell
United States District Judge